Banks, J.
This is an action in contract and tort in which the plaintiff, Universal Underwriters Insurance Co. (“Universal”), seeks to recover from the defendant John J. Ross (“Ross’), the sum of $7,004.75 in a matter involving the “financed” purchase of an automobile.
The matter is before this Division upon a Dist/Mun. Cts. R. Civ. P., Rule 64(d) report by the trial court of its denial of the defendant’s Dist/Mun. Cts. R. Civ. P„ Rule 12 (b) (6) motion to dismiss. The sole question raised by defendant Ross in his motion is whether Universal’s complaint is barred by applicable statutes of limitation.
The facts in this matter, which for the purposes of the motion are taken to be as alleged in the complaint, McCone v. New England Tel. & Tel. Co., 393 Mass. 231, 232 (1984), are as follows:
In October, 1984, defendant Ross purchased a Renault automobile from Marlboro Auto Outlet, d/b/a Marlboro Renault (“Marlboro Auto").
The purchase was “financed” by a loan from the Bank of New England West (“the Bank”) and secured by a chattel mortgage on the automobile.
In June, 1985, Ross defaulted upon the note on the automobile.
In November, 1985, Marlboro Auto paid to the Bank the sum of $7,004.75 as the unpaid balance on the note upon the Bank’s representation that Ross had fraudulently affixed a co-signer’s name to the note.
*24 In July, 1986, the plaintiff insurer paid $7,004.75 to Marlboro Auto under a preexisting policy of insurance providing coverage for losses incurred by false pretenses.
In June, 1990, the plaintiff insurer commenced the present action against defendant Ross alleging:
I. Breach of Contract
II. Fraudulent misrepresentation
III. Unjust enrichment
IV. Conversion.
The defendant’s motion to dismiss is based upon a narrow, literal characterization of the plaintiffs subrogated claims as pleaded in the complaint. Defendant Ross has argued that those subrogated claims are derived from Marlboro Auto’s status as a vendor in a sales contract which was breached by failure of consideration. Ross contends that such claim for breach of contract is governed by G.Lc. 106, §2-725 which provides for a statute of limitations of fouryears in the case of breach of contract for the sale of goods. Similarly, Ross argues that the further claims of the plaintiff, as subrogee of a vendor, seeking relief in tort would be barred by the three year statute of limitations prescribed by G.Lc. 260, §2A.
Universal concedes that its complaint counts for misrepresentation (II) and conversion (IV), as they arise out of the original contract for sale, would properly be barred by the appropriate statute of limitations and they will not be further considered here.[1]
As the basis for his treatment of the plaintiffs claim as being derived from Marlboro Auto’s status as a vendor, defendant Ross makes note of the plaintiffs frequent references to the defendant’s breach of the sales agreement. In the operative sections of Universal’s complaint dealing with breach of contract and unjust enrichment, however, Universal does refer to the defendant’s breach of his chattel mortgage contract with the Bank as the basis from which its subrogated claims derive.[2]
It is clear that, as to Universal’s complaint counts for breach of contract and unjust enrichment, the defendant’s argument fails to recognize the larger claims to which Universal is subrogated. Those larger claims are most easily understood by reference to the fact that Universal’s payment to Marlboro Auto, under which Universal now claims, was not made simply on default of the sales contract, but explicitly upon failure of the chattel mortgage financing agreement.
It would appear that Marlboro Auto, by virtue of its payment to the Bank, had a cause of action against Ross upon the defaulted note, either by assignment of the note (if that was done) or by subrogation. Similarly, the assumption of Ross’ contractual obligation by Marlboro Auto provided ample basis for a claim of unjust enrichment. *25 It is to such claims that plaintiff Universal has succeeded. See New England Gas and Elec. Assoc. v. Ocean Accid. & Guar. Corp., 330 Mass. 640, 659 (1954).
The statute of limitations of four years which Ross seeks to have applied in this matter to Universal’s claim for breach of contract relates to sales contracts only. Claims arising under chattel mortgage agreements are instead included under matters dealt with by G.Lc. 106, §9-102, et seq and are not subject to the limitations of G.Lc. 106, §2-725. Here a statute of limitations of six years is applicable. G.Lc. 260, §2. The plaintiffs claims for breach of contract and unjust enrichment, as they derive not from the original sales contract but from Marlboro Auto’s payment to the Bank, are not barred by the shorter statute of limitations.
The plaintiffs claims for misrepresentation (Count II) and conversion (Count IV) are hereby dismissed. The trial court’s denial of the defendant’s motion to dismiss Counts I and III is affirmed. Report dismissed.

 Ross asserts without reference to any authority that the claimfor unjust enrichment should also be barred as a claim sounding in tort This dubious proposition [see Palendjian v. Pahlavi, 614 F. Supp. 1569 (D. Mass. 1985) 1 is nothere further examined as paragraphs 23 and 24 of the complaint clearly relate to the breach of the chattel mortgage agreement

 Universal alleges, inter alia, in its complaint:
“16. The defendant, John Ross, has materially breached the terms of the Sales Agreement with the plaintiffs insured. Consequently, the plaintiff has paid the insured, pursuant to its insurance contract with said insured, all monies due and owing the insured for the insured’s loss incurred as a result of the defendants breach of his chattel mortgage contract with the Bank of New England West”
“23. During the period from October 30,1984 through this date and continuing, the plaintiff, Universal Underwriters, paid approximately $7,004.75 to its insured towards debts of the defendant for which the insured was forced to remit payment to the Bank of New England West.”
“24. Despite the demands of the plaintiff, Universal, the defendant, John Ross, has refused to reimburse the plaintiff for $7,004.75 paid on the defendant’s behalf all to the plaintiffs great t harm and detriment.”